IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RENA R. BURGER,

        Plaintiff,

vs.                           **Case No. 11-4158-RDR**

WOLF CREEK NUCLEAR
OPERATING CORPORATION,

        Defendant.

**MEMORANDUM AND ORDER**

This disability discrimination and retaliation action is before the court upon defendant's motion to dismiss (Doc. No. 10) and plaintiff's motion for leave to file a second amended complaint (Doc. No. 14).

I. Background

Plaintiff started this action with a pro se complaint filed on November 8, 2011. Counsel entered an appearance on plaintiff's behalf and filed an amended complaint on March 5, 2012. Defendant was served and filed a motion to dismiss the amended complaint pursuant to FED.R.CIV.P. 12(b)(6) for failure to state a claim. Plaintiff's response to the motion to dismiss asks the court for leave to file a second amended complaint if the court determines that the amended complaint is not adequately pleaded. Defendant has replied that filing the proposed second amended complaint would be futile because it suffers from the same flaws as the amended complaint. As discussed below, the court finds that both the

amended complaint and the proposed second amended complaint fail to state a claim.  Plaintiff, however, shall be granted another opportunity to file an amended complaint.

II.  <u>Allegations in the second amended complaint</u>

The court's discussion shall focus upon the proposed second amended complaint because it adds to the allegations contained in the amended complaint.  The second amended complaint alleges a discrimination and a retaliation claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.  It asserts that plaintiff is employed by defendant and qualified to perform the essential functions of her position, but it does not describe what those functions are.  Plaintiff claims that she suffers from "Lymes disease and a thyroid disorder."  The complaint further states that these "disabling conditions" substantially impair her sleeping, concentration, and wakefulness.  According to the complaint, plaintiff asked defendant to implement reasonable accommodations, such as placing her on a day shift, not requiring her to work overtime, not placing her on a rotating shift, and not requiring her to exceed a nine-hour work day.  These accommodations were denied.  Plaintiff alleges that this represents intentional and illegal discrimination and retaliation. Plaintiff also claims that defendant's decision "to involuntarily change Plaintiff's shift" was an unlawful act of retaliation.

III. Rule 12(b)(6) standards

In Khalik v. United Air Lines, 671 F.3d 1188, 1190-92 (10th Cir. 2012), the Tenth Circuit reviewed the standards applied to Rule 12(b)(6) motions in the context of an employment discrimination action:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Recently the Supreme Court clarified this pleading standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009): to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A plaintiff must "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Id.
> The Court explained two principles underlying the new standard: (1) when legal conclusions are involved in the complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions," Iqbal, 129 S.Ct. at 1949, and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," id. at 1950. Thus, mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555, 127 S.Ct. 1955. Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable. . . .
> [W]e have concluded the Twombly/Iqbal standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." Robbins [v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)] (internal quotation marks and citations omitted).
> In other words, Rule 8(a)(2) still lives. . . .

3

> [U]nder Rule 8, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" [Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)] (quoting Twombly, 550 U.S. at 555).

The Tenth Circuit recognized in Khalik that a plaintiff need not establish a prima facie case in her complaint. 671 F.3d at 1192. Nevertheless, the court examined the elements of a prima facie case to "help to determine whether Plaintiff has set forth a plausible claim." Id. In Khalik, the court concluded that allegations that the plaintiff was discriminated or retaliated against for illegal reasons, subjected to false investigation and false criticism, and terminated for false and exaggerated reasons were not entitled to an assumption of truth because they were "entirely conclusory." 671 F.3d at 1193. Looking at the remaining alleged facts, the court decided that insufficient facts were alleged which related the job action taken against the plaintiff to the alleged discrimination or retaliation.

IV. Prima facie standards for an ADA discrimination claim

"A prima facie case of disability discrimination under the ADA requires that the Employee (1) be a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability." EEOC v. Picture People, Inc., 684 F.3d 981, 985 (10th Cir. 2012).

4

"A person is 'disabled' under the ADA if he has 'a physical or mental impairment that substantially limits one or more major life activities.' 42 U.S.C. § 12102(1)(A). To satisfy this definition, 'a plaintiff must (1) have a recognized impairment, (2) identify one or more appropriate major life activities, and (3) show the impairment substantially limits one or more of those activities.'" Carter v. Pathfinder Energy Services, Inc., 662 F.3d 1134, 1142 (10th Cir. 2011) (quoting Berry v. T-Mobile USA, Inc., 490 F.3d 1211, 1216 (10th Cir. 2007) (internal quotation marks omitted)).

Although the ADA does not define the term "substantially limits," the Tenth Circuit has held that "[a]n impairment is substantially limiting when it renders an individual either unable or significantly restricted in her ability to perform a major life activity compared to the average person in the general population." Johnson v. Weld County, 594 F.3d 1202, 1218 (10th Cir. 2010) (internal quotation marks omitted). "This inquiry is based on an individual's own experience - - particularly where the impairment is one whose symptoms vary widely from person to person - - because an impairment that is disabling for some may not be disabling for others." Carter, 662 F.3d at 1143 (interior quotations and citations omitted).

V. Defendant's arguments against plaintiff's discrimination claim

Defendant's first argument against plaintiff's discrimination claim is that plaintiff has not alleged a "recognized impairment."

5

Although the first amended complaint does not identify a recognized impairment, the second amended complaint asserts that plaintiff has Lyme disease and a thyroid condition. Although "thyroid condition" is rather vague, the court believes plaintiff has made an adequate allegation of a recognized impairment at least with the allegation of Lyme disease.

Defendant next argues that plaintiff has not sufficiently alleged that she is substantially limited in a major life activity. Again, this allegation was missing from the amended complaint. But in the proposed second amended complaint, plaintiff asserts that her disabling conditions substantially impair her sleeping, concentration and wakefulness. Defendant has argued that this allegation is insufficient because plaintiff does not provide any factual support for why or how her ability to sleep, concentrate or be awake is impaired. The court remains mindful, as stated above, that a plaintiff is not required to allege "specific facts." But, without additional facts being alleged (facts which should be in plaintiff's power to observe), plaintiff is relying upon a mere legal conclusion that her sleep, concentration and wakefulness are "substantially impaired." This bears similarity to the allegations in Khalik that were characterized as conclusory.

In sum, without facts describing how plaintiff's alleged "disability" substantially limits a major life activity, plaintiff's disability discrimination claim is dependent upon mere

6

labels or conclusions that she is disabled for the purposes of the ADA. The court finds that plaintiff's allegations are too conclusory in this regard and that plaintiff should be permitted leave to file another amended complaint which states facts describing how she is substantially impaired in a major life activity by Lyme disease or a thyroid condition.

VI. <u>Prima facie standards for a retaliation claim</u>

"A prima facie case of retaliation under the ADA requires: (1) that [an employee] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." <u>Picture People</u>, 684 F.3d at 988 (interior quotation omitted). A good faith request for accommodation can constitute protected activity under the ADA. <u>Wright v. CompUSA, Inc.</u>, 352 F.3d 472, 478 (1st Cir. 2003); <u>Mondaine v. Am. Drug Stores, Inc.</u>, 408 F.Supp.2d 1169, 1191 (D.Kan. 2006).

VII. <u>Defendant's arguments against the retaliation claim</u>

Defendant's first argument against the retaliation claim is that plaintiff has not alleged sufficient facts to make a plausible claim that she was disabled under the ADA and, therefore, she cannot make a viable claim that she was retaliated against for making a good faith request for accommodation. As the court shall require additional allegations regarding plaintiff's claim of

disability, it is not necessary to rule further on this argument.

Defendant's next argument is that plaintiff has failed to allege facts suggesting that she suffered a materially adverse employment action. The court agrees. A "materially adverse" job action is one which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (interior quotation omitted). In many, but not all, circumstances a change in shift is not considered a materially adverse job action. See Ellis v. CCA of Tennessee, 650 F.3d 640, 649-50 (7th Cir. 2011) (assignment to rotating shifts on a month-to-month basis); Morales-Vallellanes v. Potter, 605 F.3d 27, 39 (1st Cir. 2010) cert. denied, 131 S.Ct. 978 (2011) (alteration of rest days in job posting); McGowan v. City of Eufala, 472 F.3d 736, 742-43 (10th Cir. 2006) (failure to reassign to day shift); Grube v. Lau Industries, Inc., 257 F.3d 723, 728 (7th Cir. 2001) (change to second shift after 20 years on first shift); Benningfield v. City of Houston, 157 F.3d 369, 377 (5th Cir. 1998) cert. denied, 526 U.S. 1065 (1999) (transfer to night shift); Semsroth v. City of Wichita, 548 F.Supp.2d 1203, 1213 (D.Kan. 2008) aff'd, 555 F.3d 1182 (10th Cir. 2009) (revocation of transfer from one school to another); Jones v. Wichita State University, 528 F.Supp.2d 1222, 1242-43 (D.Kan. 2007) (temporary shift change). Absent additional factual elaboration, the second amended complaint improperly relies upon a legal

assumption or conclusion that shift decisions constituted "materially adverse" job actions and, in turn, "unlawful retaliation."

Defendant's final argument is that insufficient facts are stated in the proposed second amended complaint to support a causal connection between alleged protected activity and a materially adverse employment action. The court also agrees with this argument. Before the court can determine whether plaintiff has stated a plausible claim of retaliation, it would be helpful if plaintiff alleged facts explaining when plaintiff asked for accommodation, who received the request, when plaintiff suffered an adverse job action, and who made that decision. See Khalik, 671 F.3d at 1194.

## VIII. Conclusion

For the above-stated reasons, the court concludes that the amended complaint and the proposed second amended complaint fail to state a claim under the ADA. Therefore, the court shall grant defendant's motion to dismiss the amended complaint and, for reasons of futility, the court shall deny plaintiff leave to file the second amended complaint. See Frank v. U.S. West. Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)(court may refuse leave to amend on the basis of futility). The court, however, shall grant plaintiff twenty days from the date of this order to file another amended complaint. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir.

1990) (the court should dismiss with leave to amend if it is possible that the defect in the pleading can be corrected). If plaintiff files an amended complaint, defendant may again consider whether to file a motion to dismiss.  If an amended complaint is not timely filed, then the court shall direct that this case be closed.

**IT IS SO ORDERED.**

Dated this 27th day of August, 2012 at Topeka, Kansas.

                                      s/Richard D. Rogers
                                      United States District Judge